UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Douglas Clemons,<br><br>        Petitioner<br><br>v.<br><br>Debora Borgas, et al.,<br><br>        Respondents | Case No. 2:24-cv-02018-CDS-EJY<br><br>**Order Granting Motion for Leave of Court to File Surreply in Opposition to Motion to Dismiss**<br><br>[ECF No. 26] |

This habeas corpus action is brought *pro se* under 28 U.S.C. § 2254 by Douglas Clemons, an individual incarcerated at Nevada's Ely State Prison. The Court received Clemons's original habeas petition for filing on October 25, 2024, and Clemons filed an amended petition on February 14, 2025. ECF Nos. 7, 8. The respondents filed a motion to dismiss on August 6, 2025. ECF No. 18. Clemons filed an opposition to the motion to dismiss on September 23. ECF No. 21. Respondents filed a reply in support of the motion to dismiss on October 28. ECF No. 25.

On November 4, 2025, Clemons filed a document entitled "motion for enlargement of time," which, in substance, is a motion for leave of court to file a surreply in opposition to the motion to dismiss. ECF No. 26. Clemons requests until December 12 to file a surreply, responding to the respondents' reply to his opposition to their motion to dismiss. *Id.* On November 5, Respondents filed an opposition to Clemons's motion. ECF No. 27.

Respondents point out that the briefing of the motion to dismiss appears to be complete, in that Clemons has already filed an opposition and they filed a reply. *Id.* Respondents go on to argue that Clemons's motion "is procedurally improper, attempts to circumvent the rules prohibiting sur-replies, and would serve only to delay resolution of the fully briefed motion to dismiss," and they urge the Court to strike the motion. *Id.* at 2. However, Clemons's motion is not improper; rather, he properly—albeit under an incorrect title—requests leave of court to file a

surreply. *See* Local Rules LR 7-2(b) ("Surreplies are not permitted *without leave of court*; motions for leave to file a surreply are discouraged." (emphasis added)), LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence *without leave of court* granted for good cause. The judge may strike supplemental filings made *without leave of court*." (emphasis added)).

There is no showing that Clemons attempts to circumvent the rules regarding surreplies; he has filed a motion for leave of court as required by the Court's local rules. And finally, the delay caused by Clemon's filing of a surreply will not be excessive; I will set a firm schedule for the further briefing of the motion to dismiss.

So, cognizant that Clemons proceeds pro se, and with good cause appearing, I grant Clemons' motion for leave to file a surreply and will grant the respondents an opportunity to respond to the surreply. There will be no further briefing of the motion to dismiss beyond these filings. *I will not look favorably upon any motion to extend the schedule I set in this order*.

I therefore order that petitioner's "motion for enlargement of time" **[ECF No. 26] is treated as a motion for leave of court to file a surreply in opposition to the respondents' motion to dismiss and is GRANTED**. Petitioner is granted leave of court to file a surreply in opposition to the motion to dismiss and will have until and including **December 12, 2025**, to do so. Respondents will thereafter have 20 days to file a response to the surreply.

I further order that, pursuant to Federal Rule of Civil Procedure 25(d), Debora Borgas is substituted for Terry Royal as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

Dated: November 17, 2025

_____
Cristina D. Silva
United States District Judge

2