UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Douglas Clemons,

               Petitioner

v.

Attorney General, et al.,

               Respondents

Case No. 2:24-cv-02018-CDS-EJY

**Order Granting Respondents' Motion to Dismiss and Dismissing Action**

[ECF Nos. 18, 35]

Douglas Clemons, an individual incarcerated at Nevada's Ely State Prison, petitions, pro se, for a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is the respondents' motion to dismiss. ECF No. 18. For the reasons explained below, I grant the motion to dismiss on the ground that Clemons's petition is barred by the statute of limitations.

I.      **Background**

      **A.  Conviction by guilty plea**

On November 3, 2020, in Nevada's Eighth Judicial District Court (Clark County), Clemons entered a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to one count of lewdness with a child under the age of 16. ECF No. 13-12. He was sentenced to 4 to 12 years in prison, and to a special sentence of lifetime supervision. ECF No. 13-23. The judgment of conviction was filed on May 21, 2021. *Id.*

At sentencing, the court relied on the synopsis of the offense in the presentence investigation report:

> On August 5, 2020, officers were contacted in reference to the [defendant], [Douglas] Clemons, sexually assaulting the minor victim (DOB: ---). The victim's mother stated that the assault took place on ---- 3, 2020. She spoke to the victim who stated the defendant touched her "private parts" and offered her money not to tell anyone. On arrival, officers spoke to the victim's mother who provided details of the assault and told police that the victim stated that the defendant touched her under her clothes. An interview was conducted with the victim, she stated the defendant asked her if she wanted to make some money. The victim agreed and followed the defendant to the kitchen. When the victim asked how she could make the money, the defendant placed his hand under her shirt and bra, cupped her breast with his palm and fingers, and began making circular motions with his hand. The

defendant also placed his other hand under her shorts, over her underwear, and was touching her vagina, and was rubbing his fingers back and forth. The victim pushed the defendant away and left the room. The defendant offered the victim money and an iPad or iPhone if she did not tell anyone about the incident. The victim then told family members about what occurred. The victim's grandmother was interviewed and stated the victim told her what took place. When the grandmother confronted the defendant, he denied the incident. The victim's mother was interviewed and stated as soon as she found out what took place [she] called law enforcement. The defendant was interviewed and denied touching the victim and denied that he followed her into the kitchen.

ECF No. 14-17 at 4; *see also* ECF No. 13-4 at 7–37 (testimony of the victim at Clemons's preliminary hearing). Clemons did not appeal from the judgment of conviction.

**B. Postconviction habeas petitions in state court**

On April 28, 2022, Clemons filed a pro se motion to withdraw his plea. ECF No. 13-31. The state district court construed the motion as a petition for writ of habeas corpus and denied it on June 20, 2022. *See* ECF No. 13-5 at 6. Clemons did not appeal.

Rather, Clemons filed another pro se habeas petition in state court on July 29, 2022. ECF No. 13-40. He subsequently filed a pro se amended petition, and, after counsel was appointed, a counseled supplemental petition. ECF Nos. 13-50, 14-13. The state district court denied that petition on September 19, 2023. ECF No. 14-17. Clemons appealed, and the Nevada Court of Appeals affirmed on August 8, 2024. ECF No. 14-36. The court of appeals ruled that Clemons's petition was untimely filed, that it was therefore procedurally barred, and that Clemons did not make a showing of cause and prejudice to overcome the procedural bar. *Id.*

**C. This federal habeas action**

This Court received Clemons's pro se federal petition for writ of habeas corpus for filing on October 25, 2024. ECF No. 7. That petition is dated October 21, 2024. *Id.* at 5. Clemons filed a pro se amended petition on February 14, 2025. ECF No. 8.

Respondents filed their motion to dismiss—the motion now before the Court—on August 6, 2025. ECF No. 18. In their motion, the respondents argue that this action is barred by the statute of limitations because it was initiated over two years after the applicable limitations period

expired. *Id.* Respondents also assert that certain of Clemons's claims are unexhausted, procedurally defaulted, and/or not cognizable in this action. *Id.* Clemons filed an opposition to the motion to dismiss (ECF No. 19) and the respondents filed a reply (ECF No. 25). Upon motions by Clemons, I granted leave for the parties to file further briefing (ECF Nos. 28, 34), and the parties did so (ECF Nos. 29, 35 (Clemons); ECF Nos. 31, 36 (respondents)).

One of Clemons's supplemental briefs (ECF No. 35) was filed in the form of a motion ("motion to support surreply"). I will deny that motion as unnecessary, but I nonetheless take the document into consideration in addressing the motion to dismiss.

Taking into consideration all the briefing, and the state-court record (ECF Nos. 13, 14, 16 (sealed)), I grant the motion to dismiss because this petition is barred by the statute of limitations.

## II.      Discussion

### A. This action is barred by the AEDPA statute of limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time that a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Also, a petitioner may be entitled to equitable tolling if he can show that he diligently pursued his rights, but some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

In this case, the judgment of conviction was filed on May 21, 2021. ECF No. 13-21. Because Clemons did not file a direct appeal challenging the judgment of conviction, his conviction became final on June 20, 2021, when the time to file a notice of appeal expired. The one-year AEDPA limitations period then began to run, and 311 days ran against it before April 28, 2022, when Clemons filed the motion to withdraw plea. ECF No. 13-31.

The motion to withdraw his plea—which the state district court treated as a habeas petition—tolled the AEDPA limitations period under 28 U.S.C. § 2244(d)(2). The state district court denied that motion/petition on June 20, 2022. *See* ECF No. 13-5 at 6. Because Clemons did not appeal from the denial of that motion/petition, the statutory tolling attributable to it ended on July 20, 2022, when the time for Clemons to appeal expired.

Clemons's subsequent state habeas petition, which was filed July 29, 2022 (ECF No. 13-40), did not toll the AEDPA limitation period because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). The Nevada Court of Appeals ruled that the petition was untimely filed under NRS 34.726, and that Clemons failed to demonstrate cause and prejudice to overcome that procedural bar. ECF No. 14-36. An untimely-filed state habeas petition is not "properly filed" and does not trigger statutory tolling of the AEDPA limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id*. at 414 (internal quotation marks and alteration of quote omitted).

Therefore, after the AEDPA limitations period resumed running on July 20, 2022, its last 54 days ran out on September 12, 2022. This action was not initiated until October 21, 2024, the date of Clemons's initial petition (*see* ECF No. 7 at 5); that was over two years after the expiration of the statute of limitations.

Clemons argues that he should receive the benefit of equitable tolling. *See* ECF No. 19 at 2–4. He argues that he was diligent but that he was prevented from initiating this case on time by extraordinary circumstances—COVID-19 lockdowns and restrictions. *Id.*

A habeas petitioner may be entitled to equitable tolling of the AEDPA limitations period if he shows "(1) that he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418 (internal quotation marks omitted)). With respect to the question of diligence, "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).

Clemons does not show that any extraordinary circumstance prevented him from timely initiating this action. His claim that he was stymied by lockdowns, lack of access to legal materials, and inability to use the telephone, because of COVID 19 restrictions, is conclusory. *See* ECF No. 19 at 2–4. He does not explain how any such restrictions in 2021 or 2022 affected his ability to file a federal habeas petition. Clemons's bare invocation of COVID 19 does not entitle him to equitable tolling.

In fact, Clemons was able to file a *state* habeas petition on July 29, 2022, about a month and a half before the AEDPA limitations period expired. *See* ECF No. 13-40. And the record reflects that during times when the AEDPA limitations period was running, Clemons was able to file other documents in state court as well:

- a Motion to Withdraw Counsel and Notice of Motion, filed September 24, 2021 (ECF Nos. 13-24, 13-25);

- a Motion for Production of Documents, Papers, Pleadings and Tangible Property of Defendant and Notice of Motion, filed November 30, 2021 (ECF Nos. 13-27, 13-28);

- a Motion to Compel Discovery/Production of Documents and Notice of Motion, filed February 18, 2022 (ECF Nos. 13-29, 13-30);

- the Motion to Withdraw Plea, filed April 28, 2022 (ECF No. 13-31);

- a Motion to Appoint Counsel and Notice of Motion, filed July 29, 2022 (ECF Nos. 13-38, 13-39;

- a motion entitled "Motion – Status Check – Habeas Postconviction," filed August 10, 2022 (ECF No. 13-44); and

- a Motion and Order for Transportation of Inmate for Court Appearance and Notice of Motion, filed September 8, 2022 (ECF Nos. 13-46, 13-47).

Furthermore, Clemons does not show that he was diligent with respect to filing a federal habeas petition. Clemons appears to claim that there was confusion about what he should do after his motion to withdraw plea was denied; Clemons claims "the courts told [him] to file a writ of habeas corpus petition," instead of appealing. *See* ECF No. 19 at 2–3. But whatever exactly happened there—Clemons does not cite any place in the record where the state court instructed him in that manner—nothing that transpired in Clemons's state court proceedings prevented him from filing a protective habeas petition in federal court. That is, had he been diligent, he could simply have filed in federal court a petition with claims identical to those in his state petition. So I decline to grant Clemons equitable tolling.

Clemons also argues that the statute of limitations bar should be forgiven because applying it would cause a miscarriage of justice; that is, Clemons claims that he is actually innocent. ECF No. 19 at 4, 9–10.

A convincing showing of actual innocence can enable a habeas petitioner to overcome a statute of limitations bar. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006)). "[I]f a petitioner ... presents evidence of

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316. However, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met).

To demonstrate actual innocence, "a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'." *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 316). Put another way, "actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327–28). The petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Where the petitioner pled guilty and therefore did not have a jury trial, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) (citing *Schlup*, 513 U.S. at 327).

Clemons claims that there is "DNA that was not presented," that there is "video evidence that [the] state has in their possession," and that there are "witnesses that were in the house at the time." ECF No. 29 at 4. But this argument is unsupported by any evidence and is purely speculative. Clemons does not show what DNA testing was done (or should still be done), what it would show, or how it would show him to be innocent. Clemons does not show what video evidence exists that shows him to be innocent. And Clemons does not show how any witness would testify to show him to be innocent; indeed, Clemons does not even identify which witness(es) he believes would exculpate him.

A preliminary hearing was held in Clemons's case on April 29, 2020. ECF No. 13-4 (transcript). The twelve-year-old victim testified (*id.* at 7–37), and her testimony was detailed and, it appears, very credible. Plainly, the evidence against Clemons at a trial would have been strong. Clemons certainly does not present and new, reliable evidence—he presents no evidence at all in fact—establishing that no reasonable juror could have found him guilty had he gone to trial. Clemons's claim of actual innocence is meritless.

In short, this action is barred by the AEDPA statute of limitations, and Clemons makes no showing warranting equitable tolling, and he makes no showing of actual innocence. Respondents' motion to dismiss will be granted. I need not reach the respondents' other arguments in support of the motion. This action will be dismissed.

### B.  An evidentiary hearing is unwarranted.

Clemons makes a pro forma request for an evidentiary hearing. *See* ECF No. 8 at 28; ECF No. 29 at 10. But nowhere does he describe what evidence he would present at an evidentiary hearing. Nor does he explain how any evidence he wishes to present would be admissible under 28 U.S.C. § 2254(d)(2) and *Shinn v. Ramirez*, 596 U.S. 366 (2022). I decline to hold an evidentiary hearing.

### C.  Clemons is denied a certificate of appealability.

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying the standard articulated in *Slack*, reasonable jurists would not find debatable my ruling that this action is barred by the statute of limitations. I will deny Clemons a certificate of appealability.

**III.      Conclusion**

IT IS HEREBY ORDERED order that the petitioner's "motion to support surreply" **[ECF No. 35] is DENIED** as unnecessary.

IT IS FURTHER ORDERED that the respondents' motion to dismiss **[ECF No. 18] is GRANTED**. This action is dismissed.

IT IS FURTHER ORDERED that the petitioner is denied a certificate of appealability.

The Clerk of the Court is kindly directed to enter judgment accordingly, to send a copy of this order to the petitioner at Ely State Prison in the usual manner, and also send a copy of this order to the petitioner by mail at 3990 Trabuco Dr., Las Vegas, NV 89110; and to close this case.

Dated:  February 17, 2026

_____
Cristina D. Silva
United States District Judge

9